## Gus Carlson, Appellee, v. Chicago Great Western Railroad Company, Appellant.

### Gen. No. 6,349.    (Not to be reported in full.)

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 19, 1917.

### Statement of the Case.

Action by Gus Carlson, plaintiff, against the Chicago Great Western Railroad Company, defendant, to recover for personal injuries received while working as a section hand for defendant. From a judgment for $5,000 in favor of plaintiff, defendant appeals.

JOHN A. RUSSELL, for appellant.

C. HELMER JOHNSON, LEONARD MEAD and JULIUS C. MATTHISON, for appellee; JAMES D. POWER, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 98*—*when federal law controlling in action for personal injuries*. In actions by an employee against the employer for personal injuries, where both are engaged in interstate commerce, the federal statute must be applied.

2. MASTER AND SERVANT, § 302*—*when defense of assumed risk not excluded*. In an action against an interstate railroad where it is not claimed that any violation of a federal statute enacted for the safety of employees contributed to the injury, the defense of assumed risk is not excluded.

3. NEW TRIAL, § 109*—*what considered on motion for*. Although the trial court could not under the evidence direct a verdict for the defendant on the ground that such evidence would not sustain a ver-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dict for the plaintiff, that question is before the court on a motion for a new trial.

4. INSTRUCTIONS, § 135*—*when should be offered.* Where a defendant fears that an instruction which informs the jury as to the charges in the declaration, without stating that those charges were denied by the defendant, is misleading, he can protect himself by offering an instruction to that effect.

5. MASTER AND SERVANT, § 206*—*when railroad engaged in interstate commerce liable for negligence of fellow-servant of employee.* In an action for personal injuries sustained by a railroad employee while engaged in interstate commerce, where the plaintiff, while pulling a spike, was thrown from a bridge as a result of the alleged negligent act of a fellow-servant, and the plaintiff claimed that he did not assume the risk of the negligence of such fellow-servant, *held* that the defendant was not liable in the absence of affirmative showing that such fellow-servant was guilty of negligence which was the proximate cause of the injury.